Deaderick, J.,
delivered tbe opinion, of tbe court.
Tbe defendant was indicted in the circuit court of Henderson county, with one Johnson, who is dead, and as for him, the suit has been abated, for murder in the first degree.
At the October term, 1873, the record shows that the attorney-general, on the part of the state, and the defendants in proper person, and by counsel, appeared, “and upon affidavit and sufficient cause disclosed therein to the court,” the venue was changed to Carroll county, and the clerk was directed to make out a transcript of the record and transmit it with the indictment and all other papers on file, to the clerk of the circuit court of Carroll county.
At September term, 1874, upon motion of Bowman, the surviving defendant, the cause against him was stricken from the docket of Carroll circuit court, and remanded to *470 Henderson circuit court. From this action the attorney-general appeals in error <to this court.
A bill of exceptions was then made up, embracing numerous affidavits made by defendant, amongst them an affidavit made in the Henderson circuit court, by defendant Bowman, and his then co-defendant Johnson, for a change of venue.
The affidavit cannot now be made a part of the record of the Henderson county circuit court proceedings, by the action of the court in Carroll county, and when the cause was removed from the former to' the latter county, the order directing the removal wholly omitted to show that such removal was made upon the application of defendant, which has been held necessary to give the court to which the cause is removed jurisdiction thereof. [State v. Denton], 6 Cold., 539.
Nor do we think that the incorporation of the affidavit of defendant made in Flenderson circuit court by a bill of exceptions made up in Carroll circuit court, supplies the omission apparent in the record at the time of the change of venue.
The judgment of the circuit court will be affirmed and defendant recognized to appear at the next term of the circuit court of Henderson county.